By letter dated June 23, 1924, the Commissioner computed the tax liability of the petitioner for the year 1918 at $725.35, to which was added a penalty of 25 per cent for delinquency in filing the return, in the sum of $181.32, making a total for tax and penalty of $906.67, and this amount was reduced by the sum of $385.62, previously assessed, leaving a proposed deficiency to be assessed of $521.05.

(2) In computing said deficiency the Commissioner disallowed (1) claimed depreciation on certain fixtures attached to the realty costing $2,500, which had a useful life of three years; (2) claimed depreciation on other furniture and fixtures costing $1,537.50, which had an estimated life of 10 years; (3) a claimed deduction of $207.86, reported as *other income*, which had already been included in gross income; (4) a claimed salary deduction of $400 paid to M. J. McCabe during the taxable year; and (5) additional salary to M. J. McCabe in the amount of $1,500.

(3) As to the items (1), (2), and (3), above, the Commissioner now admits error and that the deductions were properly allowable. As to item (4), above, the Board finds that an agreement was made between McCabe and the company that he should be allowed a drawing account of $40 per week, and that under said agreement there was actually paid to him during the year the sum of $400, which amount was erroneously returned by him as dividends received in his personal return. As to item (5) it was agreed by the directors of the corporation that the officers thereof should be allowed salaries for their services but that no amount was ever fixed or paid by the corporation or accrued on its books.

### DECISION.

In computing the net income subject to tax there shall be allowed as deductions (1) depreciation on fixtures attached to the realty costing $2,500 at the rate of 33⅓ per cent, (2) depreciation on furniture and fixtures costing $1,537.50 at the rate of 10 per cent, (3) the sum of $207.86 reported as *other income*, and (4) the sum of $400 salary actually paid during the taxable year. The claimed salary deduction of $1,500 not paid or accrued is disallowed as a deduction. The determination of the deficiency by the Commissioner is approved in part and disapproved in part and the amount of the deficiency to be assessed will be settled by the Board on consent or on seven days' notice.

---

Appeals of **A. H. STANGE CO.**          Docket No. 4.
         **KINZEL LUMBER CO.**          Docket No. 6.

The presumption that instruments made in the form and the language of debenture notes and issued by a newly organized corporation to the subscribers for its capital stock, and in an amount which, together with its authorized stock issue, equals the value of the properties turned over to the corporation at the instance of its organizers, represent borrowed capital, can be overcome, if at all, only by convincing evidence.

The evidence presented by the taxpayers in these cases in support of their contention that properties equaling in value the amount of the debenture note issue are in fact paid-in surplus and not borrowed capital held insufficient to overcome the presumption.

Submitted September 4, 1924; decided November 14, 1924.

*Allen R. Smart, C. P. A.*, for the taxpayers.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, TRAMMELL, TRUSSELL, and STERNHAGEN.

### FINDINGS OF FACT.

1. The A. H. Stange Co. was, in 1895, incorporated under the laws of the State of Wisconsin, and prior to May, 1914, its stock was owned by A. H. Stange and his children.

2. During the month of May, 1914, the stockholders of the A. H. Stange Co. incorporated and subscribed for all of the stock of the Union Land Co. and the Kinzel Lumber Co.

3. The officers of the A. H. Stange Co., having been authorized by its stockholders, conveyed to the Union Land Co. certain timber lands and equipment, together with $60,000 in cash; and that the property so received by the Union Land Co. was entered on its books at a value of $3,430,000.

4. Upon receiving this property the Union Land Co. issued to the subscribers for its capital stock its entire authorized capital stock amounting to $245,000 and $3,185,000 noninterest bearing 20-year debenture notes, of which the following is a copy:

#### TWENTY-YEAR NONINTEREST BEARING DEBENTURE NOTE OF UNION LAND CO.

Series C,
No. ——.

$15,000.

Union Land Co., a corporation of Merrill, Wis., for value received, promises to pay to the bearer or registered holder thereof, on or before 20 years from date hereof, the sum of fifteen thousand dollars ($15,000), without interest, at the company's office in the city of Merrill, Wis. This note is one of 510 notes in three series—Series A, numbered from 1 to 210, both inclusive; Series B, numbered from 211 to 410, both inclusive; and Series C, numbered from 411 to 510, both inclusive, all of like tenor, issued in denominations of $2,500, $5,000, $7,500, $10,000, and $15,000, the aggregate of which is limited to $3,185,000. The issue can only be retired in payments of $35,000 or multiple thereof of any of said series and only in the numerical order of any of said series.

This note, with all other outstanding notes of series A, B, and C, shall be a first lien on all of the assets of Union Land Co., which corporation agrees with the bearer or registered holder hereof that it will not mortgage its real or personal property while this note or any other notes of this issue remains outstanding and unpaid. This note may be registered in the name of the holder on the books of the company, otherwise shall pass by delivery and without indorsement.

In witness whereof, Union Land Co. has caused this note to be signed by its president and by its treasurer, and its corporate seal to be hereto affixed this 1st day of July, 1914.

UNION LAND CO.
By A. H. STANGE, *President.*
By F. W. KING, *Treasurer.*

5. A similar course was followed by the Kinzel Lumber Co.

6. During the taxable year 1917 the Kinzel Lumber Co. and the A. H. Stange Co., together with certain other corporations, were affiliated with the Union Land Co.; and that in computing the consolidated invested capital of the affiliated corporations the Commissioner disallowed the amounts represented by these notes, or a total of $3,220,000; and that the deficiency tax proposed to be assessed against the Kinzel Lumber Co. is its pro rata share of the tax found by the Commissioner to be due from the affiliated group.

### DECISION.

The determination by the Commissioner of deficiencies in tax with respect to Kinzel Lumber Co., in the amount of $1,022.48, and of A. H. Stange Co., in the amount of $774.49, is approved.

---

**Appeal of J. K. BOWMAN, J. W. BOW-**          Docket No. 39.
**MAN, and H. H. BOWMAN, Copart-**
**ners under the name of Bowman & Co.** .

Submitted September 26, 1924; decided November 14, 1924.

*Paul G. Smith, Esq.,* for the taxpayers.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

The only issue presented at the hearing related to a disallowance by the Commissioner in the income tax return of the partnership of certain claimed deductions on account of bad debts. The parties thereafter stipulated that of $21,613.17 bad debts deducted by the partnership and disallowed by the Commissioner, the sum of. $16,935.27 represented debts ascertained to be worthless and charged off within the taxable year and the sum of $4,677.90 represented accounts not determined to be worthless and not charged off as such.

The parties have further stipulated, with respect to the tax liability of each individual partner, that the correct deficiency in the case of J. W. Bowman is $1,479.93 on account of income tax for the year 1919; that the correct deficiency for the same year in the case of H. H. Bowman is $964.62, and of J. K. Bowman $834.93.

### DECISION.

The Board determines that the deficiency, as determined by the Commissioner with respect to the income tax liability for the year 1919 of J. W. Bowman, H. H. Bowman, and J. K. Bowman, is allowed in part and disallowed in part, and that the deficiency as to J. W. Bowman is $1,479.93, as to H. H. Bowman is $964.62, and as to J. K. Bowman is $834.93.